IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHATTOOGA CONSERVANCY; MOUNTAINTRUE; and DEBBIE KRUZEN,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES DEPARTMENT OF AGRICULTURE; SECRETARY THOMAS VILSACK; THE UNITED STATES FOREST SERVICE; CHIEF RANDY MOORE; REGIONAL FORESTER KENDERICK ARNEY; REGIONAL FORESTER ANTOINE DIXON; DISTRICT RANGER ROBERT SITZLAR; DISTRICT RANGER JAMES BROWNING; and FOREST SUPERVISOR DAWN LAYBOLT,<br><br>Federal Defendants. | Civil Case No. 1:24-cv-518-TJK<br><br>**FEDERAL DEFENDANTS' MOTION FOR RELIEF FROM LOCAL RULE 7(n) AND MEMORANDUM IN SUPPORT** |

## **MOTION**

Federal Defendants hereby move for (1) relief from compliance with Local Rule 7(n) for purposes of Federal Defendants' Motion to Partially Dismiss the Complaint, ECF No. 15 (the "Motion to Dismiss"), filed concurrently herewith, and (2) an extension to file the certified index of the administrative record until 60 days after the Court rules on the Motion to Dismiss. Pursuant to Local Rule 7(m), counsel for Federal Defendants conferred with counsel for Plaintiffs, and Plaintiffs oppose this motion.

## **MEMORANDUM**

Plaintiffs challenge Federal Defendants' annual targets for volume of timber sold—a key performance metric in the appropriations process—at the national, regional, and unit levels, alleging violations of the National Environmental Policy Act, 42 U.S.C. §§ 4321 *et seq.*

("NEPA"), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"). As detailed in Federal Defendants' Motion to Dismiss, Plaintiffs have not identified a final agency action reviewable under the APA with respect to Counts 1, 2, and 3.[1] Because an administrative record is unnecessary for the Court to decide this threshold legal question, Federal Defendants seek relief from the requirement of filing a certified index of the administrative record until after the Court rules on their Motion to Dismiss.

Local Rule 7(n) states that in administrative record review cases, the agency must file a certified list of the contents of the administrative record simultaneously with the filing of a dispositive motion. Rules of the U.S. District Court for the District of D.C. 7(n). But the comment to Local Rule 7(n) makes clear that the rule is intended to assist in the Court's resolution of motions that rely on the administrative record, such as summary judgment motions. Local Civ. R. 7(n) (comments). The Court does not need the administrative record to rule on Defendants' partial Motion to Dismiss. To the contrary, in reviewing a 12(b)(6) motion for failure to state a claim, a court may "consider only the facts alleged in the complaint, any documents either attached to or incorporated [by reference] in the complaint and matters of which [the court] may take judicial notice." *Trudeau v. FTC*, 456 F.3d 178, 183 (D.C. Cir. 2006) (quoting *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). Thus, documents not subject to judicial notice or otherwise integral to the complaint, are outside the scope of review.

This district has thus routinely waived the requirements of Local Rule 7(n) for motions to dismiss. *See, e.g., Moyar v. Dep't of Defense*, No. 22-478, 2023 WL 2662915, at *3 n.3

---

[1] In Count 4, Plaintiffs allege the Forest Service violated NEPA in authorizing specific forest management projects. Compl., ECF No. 1 ¶¶ 241-55. Federal Defendants have not moved to dismiss Count 4.

(D.D.C. March 28, 2023) (granting relief from Local Rule 7(n) where administrative record unnecessary to decide motion to dismiss); *Patterson v. Haaland*, No. 21-2391, 2022 WL 4534685, at *1 (D.D.C. Sept. 28, 2022) ("The Court grants Defendant's motion to waive compliance with Local Rule 7(n) because consideration of the motion to dismiss does not require review of the administrative record."); *Akbar v. Cuccinelli*, No. 18-2808, 2020 WL 1287817, at *3-4 (D.D.C. March 18, 2020) (granting relief from Local Rule 7(n) contemporaneously with motion to dismiss where plaintiff did not challenge a final agency action); *Connecticut v. U.S. Dep't of the Interior*, 344 F.Supp.3d 279, 294 (D.D.C. 2018) ("[T]he Court grants Federal Defendants' motion to waive compliance with Local Civil Rule 7(n) because the Court need not consider the administrative record in evaluating the motions before it."); *Mdewakanton Sioux Indians of Minn. v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (granting motion to waive compliance with Local Rule 7(n) "because the administrative record is not necessary for its decision here"); *Carroll v. Office of Fed. Contract Compliance Programs, U.S. Dep't of Labor*, 235 F. Supp. 3d 79, 81 n.1 (D.D.C. 2017) (granting motion to dismiss and finding lack of certified list of contents of the administrative record "immaterial" to the Court's resolution of the motion to dismiss); *PETA v. U.S. Fish & Wildlife Serv.,* 59 F. Supp. 3d 91, 93 n.2 (D.D.C. 2014) (granting motion for relief from Local Rule 7(n)'s requirements in light of motion to dismiss).

      Federal Defendants therefore request to be relieved of the requirement to file a certified copy of the contents of the administrative record with their Motion to Dismiss and ask that the Court defer the requirements of Local Rule 7(n) until 60 days after the Court rules on the Motion to Dismiss.

Respectfully submitted this 6th day of May, 2024.

        TODD KIM
        Assistant Attorney General
        U.S. Department of Justice
        Environment and Natural Resources Division

        */s/ Reade E. Wilson*
        READE E. WILSON (ME Bar No. 4992)
        KRYSTAL-ROSE PEREZ (TX Bar No. 24105931)
        Trial Attorneys
        Natural Resources Section
        150 M Street NE
        Washington, DC 20002
        (202) 305-0299 (Wilson)
        (202) 305-0486 (Perez)
        reade.wilson@usdoj.gov
        krystal-rose.perez@usdoj.gov

        *Attorneys for Federal Defendants*